UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD R. F.,<br><br>                    Plaintiff,<br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 3:24-cv-05886-GJL<br><br>SOCIAL SECURITY DISABILITY ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 13, 15, 16.

After considering and reviewing the record, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred by failing to specify clear and convincing reasons for finding Plaintiff's testimony not credible; and (2) a remand for further proceedings is appropriate. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

SOCIAL SECURITY DISABILITY ORDER - 1

I.       **PROCEDURAL HISTORY**

Plaintiff's application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration.[1] Administrative Record ("AR") 1–6, 16–39. Plaintiff's initial hearing was held on August 31, 2021. AR 19, 68. On September 15, 2021, the ALJ issued a written decision in which the ALJ concluded Plaintiff was not disabled pursuant to the Social Security Act. AR 16. Plaintiff originally filed a Complaint in this District seeking judicial review of the ALJ's decision on September 22, 2022, and the Court granted the parties' stipulated motion to reverse and remand for further administrative proceedings and a new decision with respect to Plaintiff's Title II disability claim on March 29, 2023. AR 1236–38.

Following remand, the ALJ held an additional hearing on April 11, 2024. AR 1183. On June 21, 2024, the ALJ issued a second decision finding Plaintiff was not disabled pursuant to the Social Security Act from the onset date to the Date Last Insured ("DLI"). AR 1156–72. Plaintiff again appealed the ALJ's decision, filing a Complaint in this Court on October 23, 2024. Dkt. 6. The Commissioner filed the sealed AR on December 23, 2024. Dkt. 8.

II.       **BACKGROUND**

Plaintiff was born in 1956 and was 62 years old on December 31, 2018, the DLI. AR 1159, 1170. Plaintiff has a high school education and performed past relevant work as a roofer and roofing supervisor. AR 1170, 1222. Plaintiff suffers from the following severe impairments: degenerative disc disease of the thoracic spine; degenerative disc disease of the lumbar spine; degenerative joint disease of the elbow; chronic obstructive pulmonary disease ("COPD"); major

---

[1] The Court notes Plaintiff also filed a Title XVI application for Supplemental Security Income ("SSI"), but the Title XVI claim is not contested here. *See* AR 1164.

depressive disorder; personality disorder; cannabis use disorder; and post-traumatic stress disorder ("PTSD"). AR 1160.

After considering the medical evidence, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526) through the date last insured ("DLI"). The ALJ found Plaintiff had the following Residual Functional Capacity ("RFC"):

> to perform medium work as defined in 20 CFR 404.1567(c) except he could frequently push and/or pull with the upper extremities, including hand levers. He could frequently balance, stoop, kneel, crouch, crawl, kneel, and climb ramps and stairs. He could occasionally climb ladders, ropes, or scaffolds. He was limited to frequent exposure to vibrations, temperature extremes of cold and heat, wetness, humidity, fumes, odors, dusts, gases, poor ventilation, and hazards, including dangerous, moving machinery and unprotected heights. He could do simple, routine tasks, but not complex tasks, in a low-stress work environment, defined as occasional decision-making and occasional changes in a work setting. He could occasionally interact with co-workers and supervisors. There could be no interaction with the public.

AR 1162–63.

### III.  DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; (3) and whether the ALJ properly assessed Plaintiff's RFC and based his step five finding on the RFC assessment. Dkt. 13 at 2. Plaintiff further requests remand for an award of

SOCIAL SECURITY DISABILITY ORDER - 3

benefits in the event the Court finds error in the ALJ's decision. *Id.* Having reviewed the record, the Court finds the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective testimony and will address this issue first.

A.     **Assessment of Plaintiff's Testimony**

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111–12 (9th Cir. 2021) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* For the second step of the credibility analysis, provided "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citing *Garrison*, 759 F.3d at 1014–1015). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotation marks and citation omitted).

While the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line, *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020), the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony" *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (emphasis in original)). In order to reject Plaintiff's testimony regarding his pain, mental health, and daily activities, the ALJ needed to provide clear and convincing reasons for finding Plaintiff's testimony not entirely consistent with the record.

Here, the ALJ included the following summary of Plaintiff's subjective symptom testimony:

> At the August 2021 hearing, he reported that he was unable to work due to back, knee, and shoulder pain. He testified that he sat and lied down throughout a typical day. He testified that he was only able to stand for forty-five minutes or walk for two-hundred feet before needing to stop and rest. He indicated that he was unable to lift more than one gallon of milk at a time.

AR 1163 (citations omitted). The ALJ then stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record." *Id.*

Following the ALJ's conclusion, the ALJ initially summarized Plaintiff's medical history relevant to his musculoskeletal impairments, his COPD, and his mental impairments, highlighting unremarkable findings throughout the record. AR 1163–65. However, the ALJ's summary and observations failed to properly correlate the medical evidence with Plaintiff's testimony to identify inconsistencies.

Second, the ALJ compared Plaintiff's daily activities to Plaintiff's claims, indicating as follows:

> The claimant's activities of daily living did not support the reported severity of his severe impairments. He cooked regularly, provided animal care for his landlord, visited friends, and completed projects from start to finish. Throughout the record, the claimant reported activities of daily living that were not limited to the extent one would expect, given the complaints of disabling symptoms and limitations.

AR 1165 (citations omitted).

Finally, the ALJ thoroughly analyzed the overall persuasiveness of the relevant medical opinions to Plaintiff's disability claim, but the ALJ did not do so relative to Plaintiff's testimony. AR 1165–70. Instead, the ALJ's credibility determination concluded with the following

SOCIAL SECURITY DISABILITY ORDER - 5

generalized opinion challenging Plaintiff's testimony: "After a careful consideration of all the evidence and from the opinion evidence as considered, [Plaintiff's] reported symptoms are not found to be fully consistent with the record. Further, the totality of the evidence supports the residual functional capacity assessment set forth above." AR 1170.

Plaintiff argues the ALJ improperly rejected portions of Plaintiff's testimony that indicates Plaintiff was more limited than he was found to be by the ALJ. Dkt. 13 at 17. At the 2021 hearing, Plaintiff testified that he quit working as a roofer in May 2015 because his body was "falling apart" and he "just physically couldn't do it any longer." AR 74–75. When asked what activities exacerbated his pain, Plaintiff indicated "[j]ust getting up and walking into the house gets me because I have to walk up these steps to get to the back door. And … it's pain. I, I live in pain." AR 76–77. When asked if there is anything that helps make the pain better, Plaintiff testified he doesn't take pain medications because he's a recovering drug addict but has found smoking CBD marijuana "helps [him] a little bit." AR 77. Plaintiff testified that he could only sit for an hour before having "to get up because it just kills [his] lower back." *Id.* Plaintiff indicated he typically needed to sit for a break after sweeping or while he was doing the dishes. AR 79. Between 2015 and 2018, Plaintiff testified that he "really wasn't able to do much back then. It was, it was a struggle. [He] wasn't able to do hardly anything. [He'd] just sit around the house, lay on the couch or the bed in [his] room and just be miserable." AR 78.

At the April 2024 hearing, Plaintiff reiterated that he experienced pain every day from 2015 to 2018. AR 1195. He further testified that he needed to spend part of each day either lying down or reclining. AR 1193, 1197. Plaintiff indicated he was struggling with depression at the time, sitting for hours with depressed thoughts, and he testified that he was unable to "think straight." AR 1194. When asked about specific treatment for his back pain, Plaintiff indicated

"all [he] did was take pain pills and lay on the couch … hoping the pain would go away for a while." AR 1199.

The Commissioner argues and enumerates substantial evidence found throughout the ALJ's decision undermines Plaintiff's subjective reports of his symptoms. Dkt. 15 at 3–4. Thus, the Commissioner claims the ALJ reasonably relied upon Plaintiff's work activities, conservative treatment history, and objective medical evidence in making a reasonable credibility determination.[2] *Id.* at 3–8. However, the ALJ's decision does not specify that the ALJ discounted Plaintiff's testimony for these reasons, and an ALJ must do more than discounting Plaintiff's through a non-credibility determination supported merely by summarized record excerpts. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). The ALJ must specifically identify the testimony found to be not credible and then *link* that testimony to the particular parts of the record supporting the non-credibility determination. *Id.* The ALJ failed to do so here.

The Commissioner further claims the ALJ's credibility determination reasonably relied upon Plaintiff's inconsistent daily activities. While the ALJ does specifically note Plaintiff's "activities of daily living did not support the reported severity of his severe impairments," the ALJ's decision does not explain why the ALJ reached this conclusion. AR 1165. As discussed above, Plaintiff testified he spent most of his time between 2015 and 2018 either sitting or lying down at home. AR 78, 79, 1194–96, 1199. Not only does the ALJ's decision fail to reference this portion of Plaintiff's testimony, the decision also fails to explain how it is inconsistent with cooking, providing animal care, visiting friends, or completing projects from start to finish. This

---

[2] The Commissioner's brief points to potential inconsistencies in the record that support the ALJ's decision to discount Plaintiff's testimony. Dkt. 15 at 3–7. However, this Court's review is limited to the reasons asserted by the ALJ in the decision itself. *Brown-Hunter*, 806 F.3d at 494 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). The Court may not reweigh the record alongside Plaintiff's testimony to justify the ALJ's conclusion.

failure is crucial as "'ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.'"[3] *Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) (quoting *Garrison*, 759 F.3d at 1016). None of the daily activities referenced by the ALJ necessarily conflict with spending most of the day lying down because of back pain. Nor do the referenced activities equate to Plaintiff's ability to work full-time on a sustained basis. Without explanation from the ALJ, the Court cannot infer the basis for finding these activities inconsistent with Plaintiff's testimony without impermissibly substituting its own judgment for that of the ALJ.

In sum, the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's testimony, specifically the portions of Plaintiff's testimony relating to his pain and need to recline or lie down during the day. The Court cannot manufacture inconsistencies—even ones that are reasonably inferred from the ALJ's decision—which are not relied on by the ALJ to uphold his determination. *See Brown-Hunter*, 804 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, 'We are constrained to *review* the reasons the *ALJ* asserts.'") (quoting *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)) (emphasis in original). Accordingly, the Court reverses and remands for Commissioner to reevaluate Plaintiff's subjective testimony.

---

[3] Notably, the vocational expert testified at the April 2024 hearing before the ALJ that individuals needing to recline or lie down for one solid hour of the workday would be precluded from medium exertion level jobs as well as other jobs in the national economy. AR 1204

SOCIAL SECURITY DISABILITY ORDER - 8

As the Court has found reversible error in the ALJ's evaluation of Plaintiff's subjective symptom testimony, the Court declines to consider Plaintiff's remaining arguments. Rather, the Court directs the ALJ to reevaluate Plaintiff's subjective testimony; the medical opinions relative to Plaintiff's testimony; to reassess the RFC as warranted by further consideration of the evidence; and, if appropriate, to reassess the step five finding that Plaintiff could perform work which exists in significant numbers in the national economy.

**B.      Remand with Award of Benefits**

Plaintiff has requested remand with an award of benefits. Dkt. 13 at 18–20. Generally, when the Social Security Administration does not resolve a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). Awarding benefits may be appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled were the inappropriately discredited evidence credited in full. *See Harman*, 211 F.3d at 1178 (quoting *Smolen,* 80 F.3d at 1292). Even if the above conditions are satisfied, "the record as a whole creates serious doubt as to [if] the claimant [was], in fact, disabled within the meaning of the Social Security Act" during the relevant time period. *See Garrison*, 759 F.3d at 1021.

SOCIAL SECURITY DISABILITY ORDER - 9

Accordingly, the Court denies Plaintiff's request to remand for an award of benefits.

## IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 23rd day of June, 2025.

Grady J. Leupold
United States Magistrate Judge